IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
 )
 )
            **Plaintiff,** )
 )
v. )
 )  Case No. 07-20067-02-CM
 )
RONALD LASLEY, )
 )
 )
            **Defendant.** )
 )

## MEMORANDUM AND ORDER

Presently before the court are fourteen separate documents filed by defendant (Docs. 120–21, 123–134.) These filings are largely incoherent and difficult to follow. The court has reviewed each of the documents and has done its best to ascertain the nature of each document and determine whether defendant has requested any relief. Each document or group of documents is discussed in turn. For the reasons stated below, all of the filings—to the extent necessary—are denied.[1]

### Doc. 120

This document is titled "'Declaration' In the Nature of Judicial Notice; In the Nature of Motion to Strike Order Document #118, Stated by District Judge Carlos Murguia." (Doc. 120 at 1.) Based on defendant's arguments, the court construes this document as a motion to strike and a motion to alter or amend judgment.

---

[1] The court does not construe any of the documents as 28 U.S.C. § 2255 petitions, as the one-year limitations deadline expired years ago. *See United States v. Carranza–Hurtado*, 456 F. App'x 745, 746–47 (10th Cir.2012) (finding no abuse of discretion in the district court's decision not to treat the defendant's Rule 12(b)(3)(B) motions as § 2255 petitions when the deadline had long since passed).

First, defendant argues that the court's order (Doc. 118) denying his previous motion (Doc. 117) denied him a meaningful judicial review and should be stricken. He claims that the court's citation of a case dealing with nearly identical issues revealed that the court was in "a hurry to deny [defendant]'s challenge." (*Id*. at 2.) Defendant states no valid basis for relief, nor has he shown any authority in support of his request to strike the court's order. *See* Fed. R. Civ. P. 12(f) (noting that a court may strike material from a *pleading*); *Searcy v. Social Sec. Admin.*, No. 91-4181, 956 F.2d 278 (Table), 1992 WL 43490, at *3 (10th Cir. Mar. 2, 1992) (looking to Fed. R. Civ. P. 7(a) for what qualifies as a "pleading" and noting that a "motion to strike is not appropriate with regard to . . . any other matter other than that contained in the actual pleadings") (quotation omitted).

Defendant also argues that he has a right to object to a report and recommendation and that he did not consent to a magistrate judge in this case. But a review of the docket sheet in this case indicates that no report and recommendation has been issued. Therefore, defendant has not been denied any opportunity to object to a report and recommendation. Defendant did appear in front of several magistrates throughout the course of this case. (Docs. 6 (initial appearance); 15–16 (detention hearing and order setting conditions of release); 22 (arraignment/discovery hearing); 23 (general order of discovery and scheduling); 24 (consent and order modifying conditions of release).)

But none of the magistrate proceedings that took place required defendant's consent. 28 U.S.C. § 636(a)(1) (stating that magistrate judges have all powers and duties conferred or imposed upon United States commissioners by law or by the Federal Rules of Criminal Procedure); Local Rule 72.1.1(a) (stating same and also providing authority to order release or detention of arrested persons pending judicial proceedings); Local Rule 72.1.2(a)(2) (stating that "all felony cases will be assigned to a magistrate judge for proceedings pursuant to Fed. R. Crim. P. 5, the conduct of an arraignment . . . and for the hearing and determination of all pretrial procedural and discovery motions); Fed. R. Crim.

P. 5 (providing for an initial appearance before a magistrate judge); *Gonzalez v. United States*, 553 U.S. 242, 245 (2008) (noting that magistrate judges may "issue orders concerning release or detention of persons pending trial" and "hear and determine, when designated to do so, any pretrial matter pending before the district court, with the exception of certain specified motions").

And defendant again argues that he is entitled to relief under a "writ of coram nobis" for fraud and misrepresentation. But this extraordinary remedy is not available to defendant, as he is currently in custody. *See United States v. Torres*, 282 F.3d 1241, 1245–47 (10th Cir. 2002) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis."). And defendant has not met any of the other requirements for relief under a writ of coarm nobis. *See United States v. Thody*, 460 F. App'x 776, 778–79 (10th Cir. 2012).

Finally, defendant argues that the court has inherent power to reconsider its own order and attempts to invoke Federal Rule of Civil Procedure 59. But defendant does not allege any intervening change in controlling law, cite new evidence, or show any need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating requirements for relief under Federal Rule of Civil Procedure 59(e)).

For these reasons, and to the extent necessary, the court denies this motion (Doc. 120).

**Doc. 121**

This document is titled "In the Nature of Judicial and Administrative Notice and Demand to Dismiss for Lack of Any Criminal Jurisdiction Whatsoever: 28 U.S.C. 1359; FRCP Rules 9(b), 12(b)(1), 12(b)(2), 12(h)(3)." (Doc. 121 at 1.) The court liberally construes this document as a motion to dismiss the indictment for lack of jurisdiction under Federal Rule of Criminal Procedure 12(b)(3)(B). Under Rule 12(b)(3)(B), a motion alleging a defect in the indictment for lack of jurisdiction can be made "at any time while the case is pending."

The Tenth Circuit dismissed defendant's appeal on June 15, 2009 (Doc. 112). The time to file a petition for a writ of certiorari to the Supreme Court has passed. Sup. Ct. R. 13. Defendant's case is no longer pending; thus, his motion is untimely. *United States v. Jones*, 510 F. App'x 772, 774 (10th Cir. 2013) (affirming district court's decision that similar motion was untimely for same reasons); *United States v. Sorensen*, 276 F. App'x 758, 760 (10th Cir. 2008) (same). And defendant has not asserted any good cause to excuse his waiver. *See id*; Fed. R. Crim. P. 12(e).

Even if his motion was timely, it would be denied. Defendant was convicted of conspiracy to distribute and possession with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (count 1) and attempted possession with the intent to distribute 5 kilograms or more of a mixture or substance containing cocaine (count 2). (Doc. 97 at 2 (stating counts of conviction for violations under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(A)(iii), 846 and 18 U.S.C. §2 ).) Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Defendant's claims that the court lacks jurisdiction over him are baseless. *See United States v. Owens*, No. 98-6081, 156 F.3d 1245, 1998 WL 514584, at *1 (10th Cir. Aug. 13, 1998) (Table) (citation omitted). Any similar arguments in other documents addressed in this order that the court lacks jurisdiction are denied for the same reasons.

## Doc. 123

In this document titled "In the Nature of Notice and Demand for Proof of Power, Standing, and Jurisdiction in the Particulars; In the Nature of Notice of Fraud Upon the Court," defendant alleges that the United States of America has no legal standing to bring this case. (Doc. 123 at 1.) Defendant claims that this has resulted in a fraud upon the court. Defendant also questions the authority of a

"United States District Court," as opposed to a "District Court of the United States" to hear his case. (*Id*. at 2.)

The court liberally construes this document and considers it a motion to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B). *Jones*, 510 F. App'x at 774 (affirming the district court's decision, which construed a nearly identical motion as one under Fed. R. Crim. P. 12(b)(3)). As stated above, Rule 12(b)(3)(B) allows the court—at any time while the case is pending—to "hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). Again, defendant's case is no longer pending; thus, his motion is untimely. *Jones*, 510 F. App'x at 774; *Sorensen*, 276 F. App'x at 760. And to the extent this motion again challenges the jurisdiction of this court, this argument fails for the reasons stated above. Defendant's motion (Doc. 123) is denied.

## **Doc. 124**

This document is titled "Unauthorized administration, Unlawful restraints and arbitrative detention, Unwarranted acts and Ommissions [sic], Fraudulent concealment of UNITED STATES DISTRICT COURT DISTRICT OF KANSAS (KANSAS CITY), [Docketed case no:2:07-mj-08049-JPO and 2:07-cr-20067-cm]." (Doc. 124 at 1.) Defendant also attaches a variety of documents to this filing, including a copy of his indictment, a copy of his judgment, and a document titled "Legal and Lawful Notice of Name Declaration, Correction and Declaration of Status Publication and Proclamation." (Doc. 124-1.)

Even with a liberal construction, the court cannot ascertain what relief (if any) defendant seeks in this filing. Defendant takes issue with the use of capital letters in spelling his name. But the use of capital letters is irrelevant to whether the court has subject matter jurisdiction or to any other issue. *See United States v. Hobbs*, No. 4:12CR14AGF(MLM), 2012 WL 2458425, at *12–13 (E.D. Mo. May

15, 2012) (collecting cases finding the same). Similarly, the Clearfield Trust Doctrine has no application to this case. *See id*. at 14. And the Eleventh Amendment provides defendant no relief. *See id*. at 12. Defendant also included an affidavit that states—among other things—that he has made no contract with the government. (Doc. 124 at 3–5.) Defendant has stated no basis for relief. To the extent defendant is requesting relief in this document, the court denies his request (Doc. 124).

**Doc. 125**

This document, titled "In the Nature of Notice and Demand for Mandatory Judicial Notice: In the Nature of Federal Rules of Evidence, Rule 201(d)" again states no valid basis for relief. (Doc. 125 at 1.) Defendant cites Federal Rule of Evidence 201(d), which allows the court to take judicial notice of adjudicative facts that are not subject to reasonable dispute. Defendant's stated intent in this document is to provide formal notice of his name and status as a "Free and Sovereign Moorish American National, Northwest Amexem/Northwest Africa/North America." (*Id*. at 1–5.) This is not the type of fact of which the court can take judicial notice. *See* Fed. R. Evid. 201(b)(1)–(2). To the extent defendant is requesting relief in this document, the court denies his request (Doc. 125). Additionally, any similar requests for judicial notice in defendant's other filings are denied for the same reasons.

**Docs. 126–28, 130–32, 134**

These documents are nearly identical and are titled "In the Nature of Judicial Notice and Administrative Notice; and in the Nature of Notice of Affidavit of Fault; In the Nature of F.R.Ev. [sic] Rule 201(d)." (Docs. 126–28, 130–32 at 1.) Documents 126 and 130 appear to ask the court for default judgment for the government's alleged failure to respond to document 117, filed on October 15, 2013. Documents 128 and 131 raise the same issue as to document 120, filed on November 7, 2013. Document 127 refers to document 123, filed on November 7, 2013, and document 132 refers to

document 121, filed on the same date. Further, documents 130–32 and 134 all contain an additional two pages titled "Default Under Public Law/Policy" that defendant claims is a contract that is automatically entered into if no response is filed. (Docs. 130–32, 134 at 4–5.) He claims that failure to respond results in an "agreement to committing fraud and misrepresentation . . . ." (Docs. 130–32, 134 at 4.)

The court applies a liberal construction and construes these documents as motions for default judgment under Federal Rule of Civil Procedure 55. Here, defendant seeks no judgment for affirmative relief against the government, and the government was not required to respond to any of these filings. *See* Fed. R. Civ. P. 55(a). Regardless, defendant has not complied with the two-step process required to obtain a default judgment. *See Williams v. Smithson*, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (describing process). For these reasons, these motions are denied. Further, as is explained below, any attempt by defendant to enter into a contract with this court or any of the parties listed is improper and futile.

## **Doc. 129**

This document is titled "In the Nature of Notice and Demand and Declaration in the Nature of Judicial and Administrative Notice: Foreign Advisory: In the Nature of Rescission, In the Nature of Notice of Waiver of Benefits and Privileges, with Offer of Immunity/Contract, In the Nature of Self-Executing Confession of Judgement [sic]." (Doc. 129 at 1.) The first section of this document is labeled "Notice of Rescission and Correction of Errors." (*Id*. at 2.) Defendant states that he "rescind[s] [his] consent and signature from all previous documents, proceedings, pleadings, hearings, and instruments in this matter for cause." (*Id*.) The court could easily construe this statement as a motion to withdraw all previous motions and/or documents (Docs. 120–21, 123–28). But, in an abundance of caution, the court has considered the merits of these motions in denying them.

The remaining sections of this document do not appear to contain any request for relief. Defendant states that he: (1) waives any benefits and privileges from the United States; (2) wants to allow multiple "interested parties" the opportunity to state a claim; and (3) will keep confidential commercial information secret and "off the public record." (Doc. 129 at 2–3.) Further, the document contains a proposed contract, an offer of immunity, and a statement that failure to respond will result in default. (*Id.* at 3–9.) The proposed contract contains an outrageous "fee schedule" in which defendant lists the costs for certain actions. (*Id*. at 8–9.) For example, defendant proposes a fee of $500,000 per occurrence for each time he is transferred to another institution or facility. (*Id*. at 8.) And, directly related to the claims raised in the documents addressed above, defendant proposes a fee of $10 million dollars per charge and $10 million dollars per day that there is a failure or refusal to disclose the jurisdiction and venue of this court. (*Id*. at 9.) This court does not enter into contracts with defendants, or with any party, and the contract is inappropriate as to the other parties as well. Again, this document states no valid basis for relief. To the extent defendant is requesting relief in this document, the court denies his request (Doc. 129).

## Doc. 133

This document is titled "In the Nature of Judicial and Administrative Notice; And In the Nature of Affidavit of Default and Probable Cause: In the Nature of 18 U.S.C. 241, 242; And In the Nature of Federal Rules of Evidence 201(d)." (Doc. 133 at 1.) This document contains a section titled "Affidavit of Default." For the same reasons as stated above, the court denies any motion for default judgment. Also in this section, defendant contends that he has submitted several Freedom of Information Act ("FOIA") requests and appeals in this case. He states that his FOIA requests are made in pleadings entitled "NOTICE AND DEMAND FOR MANDATORY JUDICIAL NOTICE." (Doc. 133 at 2.) Several of the documents submitted by plaintiff are titled in this manner (see above for

-8-

examples). None of these documents included any explicit request under the FOIA, and the court did not construe them as such. And—to the extent that any FOIA request was made to the court—it is denied because the United States District Courts are specifically excluded from the provisions of the Act. *See Hailes v. Asbury*, No. 08-3048-SAC, 2008 WL 1924940, at *1 n.1 (D. Kan. Apr. 29, 2008) (citing 5 U.S.C. § 551).

Defendant also argues that "various employees of the executive and judicial departments of the United States (federal government) are required, and presumed, to have executed a valid oath of office" and that these oaths were never timely produced to defendant under the FOIA. (Doc. 133 at 3.) Under 5 U.S.C. § 552(a)(4)(B), a complainant can bring an action in the appropriate district court "to enjoin the agency from withholding agency records" or "to order the production of any agency records improperly withheld . . . ." Defendant's criminal case is not the appropriate avenue for defendant to seek relief for any alleged FOIA violation. Defendant's FOIA claims are denied without prejudice.

Defendant also invokes the doctrine of "estoppel by acquiescence," citing the 1906 case of *Carmine v. Bowen*, 64 A. 932 (Md. 1906). Although *Carmine* does not specifically mention "estoppel by acquiescence," it does discuss estoppel by misrepresentation, stating that

> When the silence is of such a character and under such circumstances that it would become a fraud upon the other party to permit the party who has kept silent to deny what his silence has induced the other to believe and act upon, it will operate as an estoppel.

64 A. at 934–35. Defendant further accuses this court of fraud, citing *United States v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977). *Tweel* also discusses the role of silence, noting that silence can equate to fraud when "there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." 550 F.2d at 299 (citation omitted).

Although not completely clear, defendant appears to again allege that the failure of the government—and possibly the court—to respond to his filings has resulted in estoppel and fraud. As

previously mentioned, the government had no duty to respond to defendant's filings. And the court has ruled on plaintiff's filings in this order. There is no estoppel by acquiescence or fraud here.

Defendant further alleges that the government's actions amount to "barratry," citing *State v. Batson*, 17 S.E.2d 511 (N.C. 1941). Barratry is a common law offense, the relevant definitions of which include: "[v]exatious incitement to litigation, especially by soliciting potential legal clients" or "[t]he buying and selling of ecclesiastical or governmental positions." Black's Law Dictionary 170 (9th ed. 2009). Defendant provides no support for his assertion about the government under either definition, and the court finds none.

Finally, defendant argues that the failure of certain departments to respond to his FOIA requests gives defendant probable cause to move against these persons for conspiring to deprive him of his constitutional rights in violation of several criminal statutes, including, but not limited to, 18 U.S.C. §§ 241 and 242. Defendant also states his intent to bring criminal charges. But these statutes do not provide a private right of action. *Kelly v. Rockefeller*, 69 F. App'x 414, 415–16 (10th Cir. 2003) (no private right of action under 18 U.S.C. § 241); *Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974) (no private right of action under 18 U.S.C. § 242). Defendant cannot bring criminal charges against anyone. *Id*. (citing *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (citations omitted)). Defendant's claims under 18 U.S.C. §§ 241 and 242 are denied. To the extent defendant is requesting relief in this document, the court denies his request (Doc. 133).

## **Future Filings**

As a final matter, the court warns defendant that future meritless filings in this criminal case may result in filing restrictions. *See Allen v. Colorado*, No. 10-cv-00418-BNB, 2010 WL 1064378, at *1 (D. Colo Mar. 19, 2010) (citing *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir.

2005) (finding that plaintiff's pro se status does not prevent the court from imposing sanctions) (citing *Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003))). Many of the documents described above are nearly identical and are thus duplicative. Regardless, the court spent considerable time, effort, and resources reading all of defendant's filings and addressing his claims. Future attempts to enter into a contract with this court or other actors, to challenge the court's jurisdiction over defendant's criminal case, or to raise any of the other issues already addressed above will likely be considered frivolous.

**IT IS THEREFORE ORDERED** that defendant's motion "'Declaration' In the Nature of Judicial Notice; In the Nature of Motion to Strike Order Document #118, Stated by District Judge Carlos Murguia." (Doc. 120) is denied.

**IT IS FURTHER ORDERED** that defendant's motion "In the Nature of Judicial and Administrative Notice and Demand to Dismiss for Lack of Any Criminal Jurisdiction Whatsoever: 28 U.S.C. 1359; FRCP Rules 9(b), 12(b)(1), 12(b)(2), 12(h)(3)" (Doc. 121) is denied.

**IT IS FURTHER ORDERED** that defendant's motion "In the Nature of Notice and Demand for Proof of Power, Standing, and Jurisdiction in the Particulars; In the Nature of Notice of Fraud Upon the Court" (Doc. 123) is denied.

**IT IS FURTHER ORDERED** that defendant's document "Unauthorized administration, Unlawful restraints and arbitrative detention, Unwarranted acts and Ommissions [sic]. Fraudulent concealment of UNITED STATES DISTRICT COURT DISTRICT OF KANSAS (KANSAS CITY)" (Doc. 124) is denied.

**IT IS FURTHER ORDERED** that defendant's document "In the Nature of Notice and Demand for Mandatory Judicial Notice: In the Nature of Federal Rules of Evidence, Rule 201(d)" (Doc. 125) is denied.

**IT IS FURTHER ORDERED** that defendant's motions "In the Nature of Judicial Notice and Administrative Notice; and in the Nature of Notice of Affidavit of Fault; In the Nature of F.R.Ev. [sic] Rule 201(d)" (Docs. 126–28, 130–32, 134) are denied.

**IT IS FURTHER ORDERED** that defendant's document "In the Nature of Notice and Demand and Declaration in the Nature of Judicial and Administrative Notice: Foreign Advisory: In the Nature of Rescission, In the Nature of Notice of Waiver of Benefits and Privileges, with Offer of Immunity/Contract, In the Nature of Self-Executing Confession of Judgement [sic]" (Doc. 129) is denied.

**IT IS FURTHER ORDERED** that defendant's document "In the Nature of Judicial and Administrative Notice; And In the Nature of Affidavit of Default and Probable Cause: In the Nature of 18 U.S.C. 241, 242; In the Nature of Federal Rules of Evidence 201(d)" (Doc. 133) is denied. Defendant's Freedom of Information Act claims are denied without prejudice.

Dated this 24th day of February, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**